IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ERIC HALL, :
    Plaintiff :
: CIVIL NO. 1:09-CV-1016
  v. :
: (Judge Caldwell)
EUGENE H. BERDANIER, WARDEN, :
*et al.*, :
    Defendants :

*M E M O R A N D U M*

I. *Introduction*

      The pro se plaintiff, Eric Hall, an inmate at SCI-Coal Township, filed this action for events that occurred while he was confined at the Schuylkill County Prison.[1] The complaint presents federal and state-law civil-rights claims against various defendants, all stemming from an altercation Plaintiff had with prison personnel on June 4, 2007.

      One defendant in the case is Gina Marie Galle, a licensed practical nurse employed by PrimeCare Medical, Inc. Other defendants are the eleven "Schuylkill County Prison Defendants": Eugene H. Berdanier, the prison warden; David J. Wapinsky, the deputy warden; Richard Emerich, a lieutenant; and eight correction al officers, John

---

[1] Plaintiff avers he was a pretrial detainee at the prison because he had been transferred there to await trial on a separate incident that occurred at another state correctional institution. (Compl. ¶¶ 5 and 12). However, Plaintiff also avers that he was transferred from his "parent institution," SCI-Coal Township. We take this to mean that Plaintiff was already serving a sentence when he was transferred to Schuylkill County so that he remained a convicted inmate, even though he had been transferred for trial. *See Laza v. Reish*, 84 F.3d 578, 580 (2d Cir. 1996).

Wowak, Frank Rempalo, Brian Gotshall, Michael Buchanan, Charles Foster, Harold Poleman, Rebecca Bergan, and Farrone.[2]

Plaintiff makes the following claims against the following defendants: (1) a federal claim for retaliation against Rempalo and Wowak for exercising his constitutional right to stand trial on criminal charges against him; (2) an Eighth Amendment claim for excessive force against Wowak, Rempalo, Gotshall, Buchanan, Foster, Bergan, Poleman, Farone and Emerich; (3) a state-law claim for assault and battery against Wowak, Rempalo  and Gotshall; (4) a state-law claim for intentional infliction of emotional distress against Wowak, Rempalo, and Gotshall; (5) an Eighth Amendment claim for excessive force: (a) against Berdanier and Wapinsky based on knowledge and acquiescence in subordinates' use of excessive force; and (b) against Berdanier for failing to train subordinates in the proper use of force and in the proper use of pepper-spray type chemicals; (6) a conspiracy claim pursuant to 42 U.S.C. § 1983 against Yoder, Wowak, and Galle for an "unlawful arrest," i.e. false arrest,[3] and malicious prosecution; (7) a federal claim for malicious prosecution against Yoder, Wowak, and Galle; (8) a state-law claim for false arrest against Yoder, Wowak, and Galle; (9) a state-law claim for false imprisonment against Yoder, Wowak, and Galle; (10) a state-law claim for abuse of

---

[2] One other defendant was Grant F. Yoder, a City of Pottsville police officer. On June 1, 2010, we granted his motion to dismiss the claims against him. *Hall v. Berdanier*, 2010 WL 2262045, at *8 (M.D. Pa. 2010).

[3] This claim is more commonly called a claim for false arrest. *See Toribio v. Spece*, No. 10-2441, 2011 WL 6027000, at *2 (M.D. Pa. Dec. 5, 2011) (a federal "illegal arrest" claim "is more commonly referred to as a claim for 'false arrest.'").

-2-

process against Yoder, Wowak, and Galle; and (11) a state-law claim for defamation against Yoder, Wowak, and Galle.[4]

We are considering two motions for summary judgment, one filed by the Schuylkill County Prison Defendants and the other by Galle.

II. *Standard of Review*

Under Fed. R. Civ. P. 56, summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In pertinent part, parties moving for, or opposing, summary judgment must support their position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P.  56(c)(1)(A). In deciding a motion for summary judgment, "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). "'The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Meditz v. City of Newark,* 658 F.3d 364, 369 (3d Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

---

[4] As noted, all the claims against Yoder have been dismissed.

III. *Discussion*

        A. *The Galle Motion for Summary Judgment*

As noted above, along with Yoder and Wowak, Galle was named in the following six claims: (1) a federal conspiracy claim for false arrest and malicious prosecution; (2) a federal claim for malicious prosecution; (3) a state-law claim for false arrest; (4) a state-law claim for false imprisonment; (5) a state-law claim for abuse of process; and (6) a state-law claim for defamation.

Galle moves for summary judgment on all of these claims. On the defamation claim, she asserts it is barred by the one-year statute of limitations, 42 Pa. Con. Stat. Ann. § 5523(1) (West 2004), because the record shows that the last comments she made about Plaintiff were on March 10, 2008, at his criminal trial, and Plaintiff filed this action on May 29, 2009, more than a year later.[5] She also points out that at his deposition, Plaintiff stated he no longer wanted to pursue the defamation claim against her. (Galle Statement of Material Facts ¶ 8). For both of these reasons, we will enter judgment in favor of Galle on the defamation claim.

Galle moves for summary judgment on the federal malicious prosecution claim, the state-law claim for false arrest, and the state-law claim for false imprisonment on the basis that each of these claims has as an element a lack of probable cause and

---

[5] On the night of the altercation, Wowak and Galle gave Yoder statements that Plaintiff had sprayed them with urine. Yoder obtained an arrest warrant from a Pennsylvania magisterial district judge and charged Plaintiff with two counts of aggravated harassment by a prisoner under 18 Pa. Con. St. Ann. § 2703.1 (West 2009). On March 10, 2008, a jury acquitted Plaintiff of those charges. (Galle Statement of Material Facts ¶¶ 17 and 20).

we have already ruled on Yoder's motion to dismiss that there was probable cause. 2010 WL at 2262045, at *6-7.

Defendant cannot rely on our disposition of these claims against Yoder. As we noted in our memorandum dealing with Yoder's motion to dismiss, as the investigating officer, he could rely on her representations, as well as those of Wowak, to establish probable cause. In contrast (and assuming that Galle is a state actor here), Plaintiff charges Galle and Wowak with falsely representing that he had sprayed them with urine. As to them, their argument concerning probable cause lacks merit. *See Johnson v. Knorr*, 477 F.3d 75, 84 (3d Cir. 2007) (probable cause on one charge does not defeat a federal malicious prosecution claim on another charge, noting that if a parole officer had fabricated baseless charges, he should not escape liability); *Zeglen v. Miller*, No. 04-1940, 2008 WL 696940, at *8 (M.D. Pa. Mar. 12, 2008) ("A police officer can be liable for initiating a prosecution if he or she knowingly provided false information to the prosecutor") (quoted case and internal quotation marks omitted); *Doll v. Williams*, No. 08-675, 2009 WL 3103832, at *1 (M.D. Pa. Sept. 24, 2009) (Caldwell, J.) (federal malicious prosecution claim not defeated by a finding of probable cause at a preliminary hearing when the case turned on the credibility of the arresting police officers versus the credibility of the plaintiffs).

Nonetheless, all of these claims fail because Plaintiff was in custody when the charges were brought against him. On the federal malicious prosecution claim, this means that Plaintiff cannot prove an essential element of the claim, a deprivation of

liberty. *Johnson, supra,* 477 F.3d at 82 ("To prove malicious prosecution under section 1983 when the claim is under the Fourth Amendment, a plaintiff must show that . . . (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding").[6]  *Jacobs v. City of Pittsburgh*, No. 08-470, 2011 WL 1584869, at *4 (W.D. Pa. Feb. 18, 2011) (report of the magistrate judge recommending dismissal of the federal malicious prosecution claim because a prisoner in custody suffers no loss of liberty) (recommendation adopted in 2011 WL 1585300 (W.D. Pa. April 26, 2011)); *Israel v. Superintendent of SCI Fayette*, No. 08-428, 2009 WL 693248, at *13-14 (W.D. Pa. Mar. 13, 2009) (same) (magistrate judge, ruling by parties' consent) (citing cases).

Basically, the same reasoning applies to the state-law claims for false arrest and false imprisonment. State law treats these claims as essentially the same cause of action. *Pellegrino v. United States Transp. Sec. Admin.,* No. 09-5505, 2012 WL 661773, at *8 (E.D. Pa. Feb. 28, 2012).[7]  Thus, "[t]he elements of false arrest/false

---

[6] The other elements are: "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; [and] (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice . . . ." *Id.* at 81-82.

[7] This conclusion is based on *Gagliardi v. Lynn*, 446 Pa. 144, 285 A.2d 109 (1971), where the Pennsylvania Supreme Court stated that false arrest is the same as false imprisonment when it involves confining an individual without legal authority for the purpose of enforcing the law. *Id.* at 149, 285 A.2d at 111 (quoted case omitted). *See Olender v. Twp. of Bensalem*, 32 F. Supp. 2d 775, 790-91 (E.D. Pa. 1999) (quoting *Gagliardi*). The United States Supreme Court is in accord with *Gagliardi*. *See Wallace v. Kato*, 549 U.S. 384, 388-89, 127 S.Ct. 1091, 1095, 166 L.Ed.2d 973 (2007) (observing that the common-law tort of false arrest is a "species" of the common-law tort of false imprisonment because every confinement of the person is an imprisonment, even a detention on a public street).

-6-

imprisonment are: (1) the detention of another person (2) that is unlawful." *Manley v. Fitzgerald*, 997 A.2d 1235, 1241 (Pa. Commw. Ct. 2010).  Plaintiff has no claim for false arrest/false imprisonment under state law because his arrest did not cause him to be detained; he was already detained by virtue of his imprisonment.  *See Israel*, *supra*, 2009 WL 693248, at *13 n.8 (convicted prisoner serving a sentence at the time of his arrest has no federal false-arrest or false-imprisonment claim since he is already in custody) (citing cases).[8]

Defendant Galle also argues that Plaintiff's section 1983 civil conspiracy claim fails because the allegations of conspiracy in his complaint are conclusional and he has produced no evidence of conspiracy.  We agree with Defendant that Plaintiff's conspiracy claim is deficient, but for a different reason.

Plaintiff claims that Galle participated in a conspiracy to violate his constitutional rights by subjecting him to false arrest and malicious prosecution.  Since the claim is made under section 1983, we assume he refers to a federal false arrest claim and a federal malicious prosecution claim.

In part, to assert a conspiracy claim under section 1983, a plaintiff must establish the elements of a civil conspiracy. *Ammlung v. City of Chester,* 494 F.2d 811, 814 (3d Cir.1974) (relying on Pennsylvania civil conspiracy law to set forth the elements). "A civil conspiracy is a combination of two or more persons acting in concert to commit an

---

[8] Based on this resolution of the federal malicious prosecution claim, the state-law claim for false arrest and the state-law claim for false imprisonment, we need not address other arguments Defendant has made.

unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage." *Adams v. Teamsters Local 115,* 214 F. App'x 167, 172 (3d Cir.2007) (nonprecedential) (quoting in part *Hampton v. Hanrahan,* 600 F.2d 600, 620–21 (7th Cir.1979)) (quoted case and internal quotation marks omitted).

As we discussed above, the federal malicious prosecution claim fails because Plaintiff is a convicted prisoner in custody so he could not have been deprived of a liberty interest, an essential element of this claim.  Since Plaintiff was in custody, the federal false arrest claim also fails because the arrest did not cause his detention.  *See Israel*, *supra*, 2009 WL 693248, at *13 n.8; *McCabe v. City of Philadelphia*, No. 01-3975, 2002 WL 32341787, at *4 (E.D. Pa. Nov. 13, 2002) (a plaintiff could not bring a federal false arrest claim when he was arrested while already in custody on a prior arrest).[9]  It follows that the section 1983 conspiracy claim fails because Plaintiff cannot show, aside from concerted action, that an unlawful act was committed.  *See White v. Brown*, 408 F. App'x 595, 599 (3d Cir. 2010) (nonprecedential) (no valid conspiracy claims when the plaintiff cannot establish an underlying violation of his constitutional rights).

Finally, Galle moves for summary judgment on Plaintiff's claim for abuse of process, arguing that the claim is invalid for the same reason we dismissed the claim

---

[9] A federal false arrest claim is described differently from a Pennsylvania false arrest claim. A false arrest under federal law is: (1) an arrest (2) without probable cause.  *Groman v. Twp. of Manalapan,* 47 F.3d 628, 634 (3d Cir.1995).  Nonetheless, the element of arrest implies a detention, which means that a person arrested while already in custody does not have a federal false arrest claim.

as against Yoder, Plaintiff has not alleged or shown that Galle attempted to use the criminal charges against Plaintiff "'primarily to accomplish a purpose for which it is not designed.'" *Cruz v. Princeton Ins. Co.*, 972 A.2d 14, 15 n.1 (Pa. Super. Ct. 2009) (quoted case omitted). We agree. The process has to have been used "as a tactical weapon to coerce a desired result that is not the legitimate object of the process." *Cruz, supra*, 972 A.2d at 15 n.1. Here, Galle obtained a result that is the legitimate object of the process, an arrest warrant and prosecution. Any assertion that she had a bad motive in doing so is irrelevant. *See Lerner v. Lerner*, 954 A.2d 1229, 1238 (Pa. Super. Ct. 2008) ("'there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions'") (quoted case omitted).

Our disposition of Galle's summary judgment motion leaves no claim remaining against her. Judgment will therefore be entered against Plaintiff and in favor of Galle on all claims against her.

B. *The Motion of the Schuylkill County Prison Defendants*

As noted above, along with Yoder and Galle, Wowak was named in the following six claims: (1) a federal conspiracy claim for false arrest and malicious prosecution; (2) a federal claim for malicious prosecution; (3) a state-law claim for false arrest; (4) a state-law claim for false imprisonment; (5) a state-law claim for abuse of process; and (6) a state-law claim for defamation.

The Schuylkill County Prison defendants move for summary judgment in Wowak's favor on all of these claims. Based on the foregoing discussion, we will grant the motion in favor of Wowak on all of these claims.

1. *Supervisory Liability on the Excessive Force Claim*

Warden Berdanier and deputy warden Wapinsky move for summary judgment on the excessive force claim, arguing that there is no evidence that they had any personal involvement in the altercation between the guards and Plaintiff and hence cannot be liable on this claim. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (personal involvement in the alleged wrongs is necessary for the imposition of liability in a civil-rights action). In support, they submit their affidavits in which they swear they were not present at the prison at the time the defendant correctional officers allegedly assaulted Plaintiff. (Doc. 97-16 and 97-17).

In opposition, Plaintiff asserts that he cannot provide evidence of the supervisory defendants' personal involvement because by order of May 3, 2011, we erroneously denied his December 2010 discovery motion. (Doc. 70). That motion sought permission to allow him to communicate with three inmates in other Pennsylvania prisons who were present in Schuylkill County Prison for a while and who were also on Plaintiff's block the night he was allegedly assaulted. According to the motion, these inmates could have testified not only to what they saw that night but also as to whether there had been a series of incidents so widespread, frequent and prevalent that Berdanier and Wapinsky had to have been "aware of the assaultive behavior of their subordinates," thereby

-10-

establishing their personal involvement by way of their knowledge of and acquiescence in their subordinates' conduct. (Doc. 70, CM/ECF pp. 2-3). *See Evancho*, 423 F.3d at 353 ("'Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.'") (quoting *Rode v. Dellarceprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Plaintiff now requests reconsideration of our order and an extension of time under Fed. R. Civ. P. 56(d)(2) to obtain the evidence he needs to oppose the defendants' motion.[10]

        We will deny the Rule 56(d)(2) motion seeking additional time to communicate with the three inmates. Plaintiff wants to communicate with them because they could testify to being assaulted, to assaults on other inmates, and to notice given to Berdanier and Wapinsky of these assaults but these defendants did nothing. (Doc. 108, Pl.'s Opp'n Br. at CM/ECF pp. 9-10). This type of evidence, an inmate's recitation of a physical altercation with a correctional officer that the inmate asserts involved excessive force, is not relevant to establishing supervisory liability based on knowledge and acquiescence. The mere fact that other incidents may have occurred does not establish that a supervisory official tolerated staff assaults on inmates. *See Brown v. Pritchard*, No. 09-CV-214, 2011 WL 542226, at *5 (W.D.N.Y. Feb. 8, 2011). Plaintiff cites *Danley v. Allen*, 540 F.3d 1298 (11th Cir. 2008), *overruling on other grounds recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010), in support of his motion, but that case is

---

[10] Rule 56(d)(2) permits the court to "allow time to take discovery if the party opposing summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition . . . ."

distinguishable. In *Danley*, the plaintiff not only alleged inmate complaints but "force reports . .. jailer complaints, attorney complaints, judicial officer complaints" and even that the defendant supervisors had personally observed unconstitutional conduct. *Id.* at 1315.

We will therefore grant defendants Berdanier and Wapinsky summary judgment on the excessive force claim to the extent it is based on their knowledge and acquiescence.[11] We note here that in his opposition brief Plaintiff points out Defendants have not addressed the supervisory-liability claim he made against defendant Berdanier for failure to train subordinates on the use of force and in the use of oleoresin capsicum, pepper spray.[12] In their reply brief, Defendants argue for the first time Plaintiff has no failure-to-train claim because he has not shown the specific training required or how the failure to train caused the constitutional violation. *See Woloszyn v. Cnty. of Lawrence*, 396 F.3d 314, 325 (3d Cir. 2005). The difficulty for Berdanier is that we do not consider arguments raised for the first time in a reply brief. We will therefore allow the failure-to-train claim to proceed.

IV. *Conclusion*

Our resolution of defendant Galle's motion for summary judgment means there are no longer any claims against her. Our resolution of the Schuylkill County Prison

---

[11] Plaintiff's penalty-of-perjury declaration does not assist him on this aspect of the defendants' motion as his declaration also relies on what would be his own recitation of having observed incidents of excessive force. (Doc. 108-1, Pl.'s Decl. ¶ 4). Plaintiff mentions grievances, but he did not need to communicate with other inmates to obtain grievances.

[12] As part of the excessive-force claim, Plaintiff alleges that defendant Rempalo used oleoresin capsicum, a pepper-spray equivalent, on him. (Doc. 1, Compl. ¶¶ 46-47).

defendants' motion for summary judgment means that defendant Wapinsky is no longer in the case and that the following claims against the following defendants remain: 1) a federal claim for retaliation against Rempalo and Wowak for exercising his constitutional right to stand trial on criminal charges against him; (2) an Eighth Amendment claim for excessive force against Wowak, Rempalo, Gotshall, Buchanan, Foster, Bergan, Poleman, Farone, Emerich and Berdanier; (3) a state-law claim for assault and battery against Wowak, Rempalo and Gotshall; and (4) a state-law claim for intentional infliction of emotional distress against Wowak, Rempalo, and Gotshall.[13]

       We will issue an appropriate order.

          /s/ William W. Caldwell
          William W. Caldwell
          United States District Judge

Date: March 23, 2012

---

[13] The Schuylkll County Prison Defendants assert that we had previously identified only six causes of action in the complaint, but that is not accurate. In our previous memorandum, we did identify the six causes of action against Pottsville police officer Yoder because he had moved to dismiss those claims.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ERIC HALL,                              :
       Plaintiff                    :
                                    : CIVIL NO. 1:09-CV-1016
  v.                                    :
                                    : (Judge Caldwell)
EUGENE H. BERDANIER, WARDEN,            :
*et al.*,                               :
       Defendants                   :

*O R D E R*

AND NOW, this 23rd day of March, 2012, it is ordered that:

    1.  The motion (Doc. 89) of defendant, Gina Galle, for summary judgment, is granted. The Clerk of Court shall enter judgment in favor of Galle and against Plaintiff on all the claims against her: the conspiracy claim pursuant to 42 U.S.C. § 1983; the federal claim for malicious prosecution; the state-law claim for false arrest; the state-law claim for false imprisonment; the state-law claim for abuse of process; and the state-law claim for defamation.

    2.  The motion (Doc. 97) of the Schuylkill County Prison Defendants for summary judgment is granted in part. The Clerk of Court shall enter judgment in favor of the Schuylkill County Prison defendants and against Plaintiff on the following claims: the Eighth Amendment claim for excessive force against Berdanier and Wapinsky based on knowledge and acquiescence in subordinates' use of excessive force; the 42 U.S.C. § 1983 conspiracy claim against Wowak; the federal claim for malicious prosecution against Wowak; the state-law claim for false arrest against Wowak; the state-law claim for false imprisonment against Wowak; the state-law claim for abuse of process against Wowak; and the state-law claim for defamation against Wowak. In all other respects, the motion is denied.

  3.  Plaintiff's motion (Doc. 108) for extension of time under Fed. R. Civ. P. 56(d)(2) to conduct discovery, and his motion (Doc. 108) for reconsideration of our order of May 3, 2011, are denied.

  4.  An order scheduling this case for trial shall follow.

           /s/ William W. Caldwell
           William W. Caldwell
           United States District Judge