IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ERIC HALL,                              :
                                        :
        Plaintiff                       :
                                        : CIVIL NO. 1:CV-09-1016
    vs.                                 :
                                        : (Judge Caldwell)
EUGENE H. BERDANIER, WARDEN,            :
*et al.*,                               :
                                        :
        Defendants                      :

*M E M O R A N D U M*

I.    *Introduction*

        On May 25, 2007, Eric Hall was transferred from the Pennsylvania

Department of Corrections to the Schuylkill County Prison (SCP).  On June 4, 2007, at

approximately 1955 hours, Hall allegedly threw urine on Nurse Galle and CO Wowak.

Officers Rempalo, Gotshall, Buchanon, Foster, Poleman, Bergan and Farrone responded

to the scene and are alleged to have used excessive force against Hall.  Hall received a

misconduct following the incident.  He was also criminally charged with two counts of

aggravated assault by a prisoner.  Following a March 10, 2007, jury trial, Hall was acquitted

of all criminal charges.

        On March 23, 2012, the court resolved Defendants' motion for summary

judgment, which left the following issues for trial: (1) a First Amendment retaliation claim

against COs Rempalo and Wowak; (2) an Eighth Amendment excessive-force claim

against Wowak, Rempalo, Gotshall, Buchanan, Foster, Bergan, Poleman, Farrone,

Emerich and Berdanier; (3) a state-law claim for assault and battery against Wowak,

Rempalo and Gotshall; and (4) a state-law claim for intentional infliction of emotional

distress against Wowak, Rempalo and Gotshall.

Presently before the court is the SCP Defendants' Motion in Limine (Doc. 124) to prevent Hall or his witnesses from mentioning the following in the presence of the jury: (1) Hall's acquittal of the criminal charges stemming from the June 4, 2007, incident; (2) medical testimony or opinions as to his physical or psychological injuries as a result of, or following, the June 4, 2007, incident; and (3) any alleged wrongdoing committed by the Defendants that is not related to the June 4, 2007, incident. (*Id.*) Hall only opposes one aspect of Defendants' motion - he argues that he need not present a medical expert to testify as to his injuries because he may testify as to his "first hand knowledge" of his injuries and the assault. (Doc. 133). Hall does not take a position with respect to the other issues raised by Defendants regarding prohibiting testimony as to his criminal acquittal or any wrongdoing by Defendants not related to the events of June 4, 2007. (*Id.*)

As the issue of Hall's ability to present medical or mental-health evidence is central to one of the issues in Defendants' motion in limine, the court cannot address that issue without considering the following pending and related motions: (1) Defendants' Motion to Enforce Subpoena served on Primecare requesting copies of Hall's medical records while he was housed at SCP in 2007 (Doc. 129); (2) Plaintiff's Motion to Appoint him a Medical Expert Witness to Rebut Defendants' Medical Expert (Doc. 134); and (3) a Motion to Compel Plaintiff to Execute an Authorization for the Release of his Psychiatric Records, or in the alternative, to preclude Hall from entering any evidence as to his emotional distress, mental anguish and/or psychological injuries (Doc. 144).

Based on the following, Defendants' motion in limine (Doc. 124) will be granted. Defendants motion to enforce subpoenas (Doc. 129) and motion to compel (Doc.

144) will be granted.  Plaintiff's motion for a court-appointed medical expert (Doc. 134) will be denied.

## II.    *Standard of Review*

Under the Federal Rules of Evidence, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by [the Federal Rules of Evidence], or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible."  Fed. R. Evid. 402.  "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401. However, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

## III.   *Discussion*

### A.    *Relevancy and Release of Hall's Medical and Mental-Health Records*

As relief in this action, Hall seeks monetary compensation for "pain and suffering" he endured after he was allegedly assaulted on June 4, 2007.  (Doc. 1, Compl.) His injuries include physical discomfort due to his exposure to "O.C. chemical" spray, a cut to his forehead, abrasions and lacerations to the left side of his face, and loss of blood from the wounds.  (*Id.*, ECF p. 6).  He also seeks monetary compensation for "the intentional

inflition of emotional distress." (*Id.*, ECF p. 13). Based on the allegations of the Complaint, Hall is clearly placing his physical and emotional state following the June 4, 2007, incident at issue in this case. As such, his medical and psychiatric records are relevant and therefore discoverable by Defendants. If Hall wishes to seek damages for these alleged injuries, he must allow Defendants access to his medical and mental health records.

Defendants' efforts to obtain Hall's medical records have been thwarted by his failure to sign the appropriate Health Insurance Portability and Accountability Act (HIPPA) authorizations which would allow his various health-care providers to release his personal information to defense counsel. Accordingly, Defendants are to provide Hall with the appropriate HIPPA authorizations for the release of his medical and mental-health records. Hall shall promptly sign the release forms and return them to defense counsel. The consequence of failing to sign the necessary HIPPA releases will result in the dismissal of his medical and psychological claim for damages. Hall may always elect to withdraw his medical and/or psychological claim for damages, thus excusing him from his obligation to release his medical and mental-health records.

Additionally, based on the above, Defendants' motion to enforce their subpoena to obtain Hall's medical records (Doc. 129) and motion to compel Hall's release of his medical and mental-health records (Doc. 144) is granted. Upon Defendants' receipt of Hall's HIPPA release, Primecare is to comply with Defendants' subpoena.

B.    *Medical Expert Opinions*

Defendants seek to preclude Hall from offering any medical opinions as to his

injuries on the following grounds: (1) his failure to release his medical records; (2) he is not qualified to render a medical opinion as to his injuries; and (3) he is not a qualified medical professional. (Doc. 125, Mot. in Limine Supp. Br.) Hall counters that he does not intent to offer an expert medical opinion as to his physical and mental-health injuries. Rather, Hall argues that he intends to provide lay opinion testimony pursuant to Fed. R. Evid. 701 as to his injuries and pain and suffering, for which he has "first hand knowledge." (Doc. 133, Opp. Mot. In Limine).

Fed. R. Evid. 701 deals with lay opinion testimony. It provides as follows:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. Hall is correct; he can testify to his own perceptions of his injuries from June 4, 2007. *U.S. v. Polishan*, 336 F.3d 234, 242 (3d Cir. 2003). "In some situations in which the seriousness of injury or illness would be apparent to a lay person, expert testimony would not be required, e.g., a gunshot wound." *Boring v. Kozakiewicz*, 833 F.2d 468, 473 (3d Cir. 1987).

However, while he may be able to testify as to how he incurred the physical injuries and how they made him feel (sad, frustrated, etc.), he is not competent to offer medical opinion testimony about the treatment of those injuries or any mental-health conditions (i.e. whether he suffers from post-traumatic stress or depression) as a result of the June 4, 2007, event. Accordingly, Defendants' motion in limine to prevent Hall from offering any medical testimony or opinions as to his physical or psychological injuries as a

result of, or following, the June 4, 2007, incident is granted.

    C.    *Hall's Request for a Court-Appointed Expert*

    Hall acknowledges that he cannot render expert medical opinions at trial, so he requests that the court hire a court-appointed medical expert pursuant to Fed. R. Evid. 706 "to rebut the defendants' experts' testimony." (Doc. 135, Mot. To Appoint Expert Br., ECF p. 2). This motion will be denied.

    There is no authority to appoint and pay an expert to assist an indigent litigant in the preparation for a civil suit for damages. The statutory section dealing with in forma pauperis litigants, 28 U.S.C. § 1915, does not provide for the appointment of expert witnesses to aid an indigent litigant. In *Boring v. Kozakiewicz*, 833 F.2d 468 (3d Cir. 1987), the Third Circuit held that § 1915 makes no provision for a district court to either pay or waive fees for an expert witness. *Id.* at 474.

> The plaintiffs' dilemma in being unable to proceed in this damage suit because of the inability to pay for expert witnesses does not differ from that of nonprisoner claimants who face similar problems. Nonprisoners often resolve that difficulty through contingent fee retainers with provisions for arranging expert testimony. By seeking government funding in this case, plaintiffs are in effect asking for better treatment than their fellow-citizens who have not been incarcerated but who have at least equal claims for damages.

*Id. See also Born v. Monmouth Cnty. Corr. Inst.*, 458 F. App'x 193, 197-98 (3d Cir. 2012)(nonprecedential).

    Under Fed. R. Evid. 706(a), a trial court may, on its own motion or on the motion of a party, appoint an neutral expert witness selected by the parties or of its own choosing. The court-appointed expert witness, however, answers neither to the defendant

nor the plaintiff, but to the court itself. *Ford v. Mercer Cnty. Corr. Ctr.*, 171 F. App'x 416,

420 (3d Cir. 2006)(nonprecedential). "The policy behind the rule is to promote the jury's

fact finding ability." *Id.* Thus, any court-appointed expert could not be used to assist one

party or the other. Clearly, a court-appointed expert could not be employed for the specific

purpose of rebutting the Defendants' experts as Hall requests. Accordingly, Hall's motion

for a court-appointed expert will be denied.

We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: March 5, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


ERIC HALL,                          :
                                    :
        Plaintiff                   :
                                    :   CIVIL NO. 1:CV-09-1016
    vs.                             :
                                    :   (Judge Caldwell)
ROBERT SHANNON, *et al.*,           :
                                    :
        Defendants                  :


*O R D E R*

AND NOW, this 5th day of March, 2013, based on the accompanying

memorandum, it is ORDERED that:

    1.  The Defendants' Motion in Limine (Doc. 124) is granted.

    2.  Hall is prohibited from making any reference during
opening or closing statements, from introducing any testimony,
evidence or reference to:

    (a) a not-guilty verdict entered in his criminal trial for
assault by a prisoner arising from the June 4, 2007, incident
which is the subject of this action;

    (b) any medical testimony relating to his medical or mental-
health care received for his alleged injuries stemming from the
June 4, 2007, incident including but not limited to diagnosis,
medical causation, impairment, continuation or permanency.

    (c) any testimony or evidence of other wrongs allegedly
committed by defendants, not related to the June 4, 2007,
incident which is the subject of this action.

    3.  Defendants' Motion to Compel Plaintiff to Execute an
Authorization for the release of his medical and psychiatric and
psychological records (Doc. 144) is granted.  If Hall fails to
execute the required authorizations, he will be precluded from
offering any testimony as to his alleged physical and

psychological damages.

4.  Within ten (10) days of Hall's receipt of the appropriate health-care authorizations forms, he is to return them to defense counsel or otherwise notify the court of his withdrawal of his damage claims as to his alleged medical and psychological injuries.

5.  Defendants' Motion to Enforce Subpoenas (Doc. 129) is conditionally granted pending Hall's execution of the appropriate health-care authorization forms.

6.  Hall's Motion to Appoint an Expert pursuant to Fed. R. Civ. Evid. 701 (Doc. 134) is denied.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge