IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC HALL, | : |
| Plaintiff | : |
| vs. | : CIVIL NO. 1:CV-09-1016 |
| | : (Judge Caldwell) |
| EUGENE H. BERDANIER, WARDEN, *et al.*, | : |
| Defendants | : |

*M E M O R A N D U M*

I.  *Introduction*

The pro se plaintiff, Eric Hall, filed this civil-rights lawsuit after he was acquitted of two counts of aggravated harassment by a prisoner. The criminal prosecution charged that Plaintiff, while housed at the Schuylkill County Prison (SCP), sprayed urine on a correctional officer and a nurse while the nurse was delivering medication to his cell.[1] At the trial, Hall's public defender introduced a videotape demonstration of how a VO5 shampoo bottle could not be flushed down the toilet in Hall's cell.[2]

Currently before the court are two motions Plaintiff filed while he was imprisoned. The first motion seeks his temporary transfer from state prison to SCP for the purpose of making a new videotape and/or photographic demonstration concerning the

---

[1] On December 19, 2014, Hall notified the court of his release from prison and new address in Philadelphia, Pennsylvania. (Doc. 195).

[2] Officer Wowak allegedly testified at Hall's criminal trial that Hall used a VO5 shampoo bottle to spray the urine on him and the nurse. Wowak also testified that no bottle was found in Hall's cell because he had flushed it down the toilet.

VO5 bottle, at his own expense. (Doc. 164).[3] The second motion seeks the temporary appointment of counsel for the limited purpose of attending another recording of a demonstration showing that a VO5 shampoo bottle cannot be flushed down the commode of his former SCP cell. (Doc. 182). Hall states that he "will pay for the videographer's services and for the appointed counsel to receive the instrument that needs to be flushed (VO5 bottle) through certified mailing." (Doc. 183, ECF p. 3).

Due to Hall's release from prison, he no longer suffers the perceived impediments that allegedly hampered him in either tracking down the original videotape demonstration, or from securing a re-enactment of the demonstration, for the purpose of securing evidence he wishes to use in this matter. He has indicated that he has the monetary means to conduct the re-enactment and now has the personal liberty to attend the demonstration and have counsel, or someone else, conduct and record the demonstration on his behalf. For these reasons both motions will be denied.[4]

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: January 5, 2015

---

[3] Hall has so far been unable to locate the videotape.

[4] The court notes that during the pendency of these motions, in an effort to avoid the unnecessary expenditure of funds or inconvenience to either party, the court contacted his public defender, attempting to locate the original videotape used in Hall's defense at his criminal trial. Unfortunately, the court's efforts to secure the videotape were also unsuccessful. However, our unsuccessful efforts does not mean that the original tape does not exist within the files of his former defense attorney or the district attorney.